## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **MICROSOFT CORPORATION** § | |
| § | |
| Plaintiffs, § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | |
| **DAUBEN, INC. D/B/A TEXAS INTER-** § | 3:08-CV-0098-L |
| **NATIONAL PROPERTY ASSOCIATES** § | |
| § | ECF |
| Defendant. § | |
| § | |
| § | |

### DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Dauben, Inc. d/b/a Texas International Property Associates ("TIPA"), by and through its attorney, Gary Wayne Tucker, hereby files its Original Answer and Affirmative Defenses to Plaintiff Microsoft Corporation's Original Complaint as follows.

### I. ANSWER

1. Defendant admits that this lawsuit seeks certain relief but denies the remainder of Paragraph 1 of the Complaint.

2. Defendant denies Paragraph 2 of the Complaint.

3. Defendant admits Paragraph 3 of the Complaint.

4. Defendant admits that it resides in this district but denies that it has committed any tortuous acts in this or any other district.

5. Paragraph 5 contains no factual allegations against Defendant that require an answer.

6. Defendant lacks knowledge or information sufficient to for a belief as to the thrust of the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant denies Paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**     **1**

9. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant admits that it is the registered name holder of the domains listed in Appendix A to the Complaint but denies the remainder of Paragraph 43 of the Complaint.

44. Defendant admits that the domains resolve to websites but denies the remainder of Paragraph 44 of the Complaint.

45. Defendant admits Paragraph 45 of the Complaint.

46. Defendant denies Paragraph 46 of the Complaint.

47. Defendant admits that revenue is derived from advertisers paying on a pay per click basis, but denies the remainder of paragraph 47.

48. Defendant admits it is not affiliated with Plaintiff but denies the remainder of Paragraph 48 of the Complaint.

49. Defendant denies Paragraph 49 of the Complaint.

50. Defendant denies Paragraph 50 of the Complaint.

51. Defendant incorporates its responses to the Paragraphs 1-50 of the Complaint in response to paragraph 51.

52. Defendant denies Paragraph 52 of the Complaint.

53. Defendant denies Paragraph 53 of the Complaint.

54. Defendant denies Paragraph 54 of the Complaint.

55. Defendant denies Paragraph 55 of the Complaint.

56. Defendant denies Paragraph 56 of the Complaint.

57. Defendant incorporates its responses to the Paragraphs 1-56 of the Complaint in response to paragraph 57.

58. Defendant denies Paragraph 58 of the Complaint.

59. Defendant denies Paragraph 59 of the Complaint.

60. Defendant denies Paragraph 60 of the Complaint.

61. Defendant denies Paragraph 61 of the Complaint..

62. Defendant incorporates its responses to the Paragraphs 1-56 of the Complaint in response to Paragraph 62.

63. Defendant denies Paragraph 63 of the Complaint.

64. Defendant denies Paragraph 64 of the Complaint.

65. Defendant denies Paragraph 65 of the Complaint.

66. Defendant incorporates its responses to the paragraphs 1-65 of the Complaint in response to paragraph 66.

67. Defendant denies Paragraph 67 of the Complaint.

68. Defendant denies Paragraph 68 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint and the counts alleged herein fails to state a claim against Defendant upon relief can be granted.

2. Plaintiff's claims are barred by the doctrine of fair use and/or nominative fair use.

3. Plaintiffs' claims in so far as they relate to content on the websites found at the domains listed in Appendix A of the Complaint as are barred in whole or in part by 15 U.S.C.A. § 1114(2) and TEX.BUS. & COM. CODE § 16.27, for the reason that such content is the work of advertisers not under the control of Defendant.

4. Plaintiffs' claims are barred by the doctrine of equitable estoppel

5. Plaintiffs' claims are barred by the doctrines of laches and estoppel.

6. Plaintiffs' claims are barred by the doctrine of unclean hands, in that Plaintiff, either though a subsidiary or directly, uses its search engine "LiveSearch" to redirect users searching for otherwise unregistered websites to listings reflecting either the generic or descriptive use of the words, which upon information and belief are sponsored advertising links. This conduct is analogous to the actions upon which Plaintiff has alleged liability against the Defendant.

7. Prosecution of Plaintiff's claims violate Defendant's rights under the First and Fifth Amendments, for the reason that the ACPA imposes liability on those in the possession of domain names without due process of law and imposes an unconstitutional prior restraint on commercial speech which is neither false nor misleading.

8. Plaintiff's marks are not incontestable or entitled to any presumptive effect for the reasons that the marks are generic words and phrases; they are being abused by Plaintiff in violation of the antitrust laws to monopolize the words or phrases, they are merely descriptive; Plaintiff does not have exclusive use of the marks; they were obtained by fraudulent statements regarding the exclusivity of use; Defendant is making fair use of the words and phrases; and/or because the marks are functional.

9. Plaintiff's use of the registered marks to exclude all others from using the marks in any sense or for any purpose constitute a violation United States antitrust laws and undue restraint on

commerce, as prohibited by 15 U.S.C. § 1115(b)(7), and as such the marks should be cancelled or declared unenforceable.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, TIPA demands trial by jury on all claims alleged by the parties herein.

## PRAYER

For the reasons stated above, TIPA requests that this Court enter an order setting this matter for trial by jury, and upon trial of this cause:

(a) Deny all relief requested by Plaintiff;

(b) For any other relief to which it may be entitled.

Respectfully submitted,

**LAW OFFICE OF GARY WAYNE TUCKER**

*/s/ Gary Wayne Tucker*
Gary Wayne Tucker
State Bar No. 24047002
1201 Main P310 PMB5
Dallas, Texas 75202
Telephone: [214] 679-7706
Telecopier: [214] 722-0355

**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Original Answer, Affirmative Defenses and Counterclaims was served on March 3, 2008 on the following counsel of record in the manner shown below:

**VIA REGULAR MAIL AND ELECTRONIC MAIL:**
John W. Patton
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
1717 Main Street, Suite 2800

Dallas, Texas 75201

Attorneys for Plaintiff

                                    */s/ Gary Wayne Tucker*
                                    Gary Wayne Tucker