IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICROSOFT CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-0098-L |
| | § | |
| **DAUBEN, INC. d/b/a TEXAS INTERNATIONAL PROPERTY ASSOCIATES,** | § § § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## JOINT STATUS REPORT AND AGREED PROPOSED DISCOVERY PLAN
## PURSUANT TO F.R.C.P. 26 (f)

Pursuant to the Court's Order entered March 6, 2008 and in accordance with Federal Rule of Civil Procedure 26(f), a case management conference was conducted on March 21, 2008, among counsel of record for plaintiff Microsoft Corporation ("Microsoft") and Defendant Dauben, Inc. d/b/a Texas International Property Associates ("TIPA"). Accordingly, counsels submit the following Joint Status Report Regarding the Contents of a Scheduling Order ("Joint Status Report") and Agreed Proposed Discovery Plan.

**1.      Brief Statement of the Claims and Defenses.**

**Plaintiff Microsoft:**

This case is about cybersquatting -- the infringement of Microsoft's trade and service marks in Internet domain names. Microsoft alleges that TIPA registered, is currently the registrant of, and used numerous Internet domain names that contain or consist of Microsoft trademarks and/or intentional misspellings of the Microsoft trademarks. Microsoft has asserted claims for violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

of Sections 32 and 43 of the Lanham Act, 15 U.S.C. § 1114(1) (Trademark Infringement); and of 15 U.S.C. §1125(a) (False Designation of Origin, Unfair Competition/False Advertising).

**Defendant TIPA:**

The names in question are not identical or similar to Microsoft's trademarks. Defendant TIPA contends that its registration and use of the domain names are protected under the doctrine of fair use and nominative use. Furthermore, given the extent and usage of these marks, which are otherwise generic or descriptive terms, Microsoft's attempt to enforce rights in these words constitutes a monopolistic use of its alleged rights.

**2.     Challenge to Jurisdiction or Venue.**

None.

**3.     Any Pending or Contemplated Motions and Proposed Time Limit for Filing Motions.**

Microsoft will file a summary judgment motion and may file other motions.  The parties propose November 6, 2008 as the deadline to file dispositive motions.

**4.     Any Matters Which Require a Conference with the Court.**

None at this time.

**5.     Likelihood that Other Parties Will Be Joined.**

Microsoft believes it needs to undertake discovery before it can make a determination as to the likelihood of joining of other parties prior to discovery.  Microsoft reserves its right to join additional parties as discovery proceeds.

**6.     Discovery Plan**

A. The parties do not object to initial disclosures pursuant to Rule 26(a)(1). The parties propose that initial disclosures be made by April 8, 2008. The parties do not believe any changes in the form or requirement for Rule 26(a) disclosures should be necessary.

B. The parties do not believe that discovery need not be conducted in phases or limited to specific subject matter.

Microsoft plans to seek discovery on the following topics:

1. All allegations asserted in Microsoft's Complaint.

2. All allegations and defenses asserted in Defendant's Answer to Microsoft's Complaint.

3. Defendant's ownership or association with business entities and individuals, including but not limited to, Joey Dauben, Dauben Inc. and Texas International Property Associates.

4. Defendant's (and related entities and individuals') registration, hosting, and parking of domains names infringing upon Microsoft's trade and service marks.

5. Defendant's (and related entities and individuals') registration, hosting, and parking of domains names infringing upon non-Microsoft trade and service marks.

6. Defendant's (and related entities and individuals') entire portfolio of domain names, current and previous.

7. Defendant's (and related entities and individuals') registration, hosting, and parking of domains names and compensation related to same.

8. Registrars, Hosting Providers, and Parking Service Providers from whom Defendant was provided services.

9. Customers, clients, or any third parties to who Defendant sold or transferred domain names infringing upon Microsoft's trade and service marks.

10. Customers, clients, or any third parties to who Defendant sold or transferred domain names infringing upon non-Microsoft trade and service marks.

11. Customers, clients, or any third parties to who Defendant sold or transferred domain names.

12. Defendant's acquisition of Microsoft trade and service marks infringing domain names.

13. Defendant's knowledge of Microsoft's trade and service marks.

14. Defendant's infringement of Microsoft's trade and service marks.

15. Defendant's records documenting Defendant's sales or transfers of Microsoft's trade and service marks infringing domains, including, but not limited to, the name of the domains sold or transferred, the sales price, the sales or transfer mechanism, and payment mechanism.

16. Defendant's records documenting Defendant's sales or transfers of domain names, including, but not limited to, the name of the domains sold or transferred, the sales price, the sales or transfer mechanism, and payment mechanism.

17. All Complaints, lawsuits and UDRPs made against Defendant for cybersquatting.

18. Microsoft's damages as described in its Complaint.

Microsoft reserves the right to modify this discovery plan at any time and to seek discovery on any topic that is reasonably calculated to the discovery of admissible evidence. Microsoft also plans to seek third party discovery from Defendant's registrars, hosting and

parking service providers. Microsoft also plans to seek third party discovery from Defendant's customers or other entities that Defendant may have bought or sold domains from/to.

TIPA plans to seek discovery on the following topics:

Evidence or lack thereof actual confusion created by Plaintiff's registration of these names; Evidence of the descriptive or generic nature of the alleged marks, other proceedings instituted by Defendant to limit the use of common and ordinary words in the English language, Defendant's awareness of the ongoing use of the domain names in dispute over the last three years and the reason for the delay in making any complaint or contact to TIPA or any other party, domain names registered by Microsoft which infringe upon the rights of others.

The parties are not aware of any issues relating to electronically stored information that warrant inclusion in this report. The parties do not seek entry of an order regarding the assertion of privilege or of protection as trial-preparation materials of produced documents at this time.

7. **An Estimate of the Time Needed for Discovery, with Reasons; A Specification of the Discovery Contemplated; And Limitations, If Any, That Should Be Placed on Discovery.**

The parties propose discovery in accordance with the Federal Rules. The parties propose October 6, 2008 as the deadline for completing discovery. Microsoft will depose Defendant and may depose individuals and entities associated with Defendant's business. TIPA does not intend to depose anyone at this time.

8. **Statement Regarding the *Dondi* Decision and the District Civil Justice Expense and Delay Reduction Plan as amended in May, 2002.**

Counsel for the parties have read and are familiar with the Dondi decision and the District's Civil Justice Expense and Delay Reduction Plan, as amended in May, 2002.

9. **Requested Trial Date, Estimated Length of Trial, and if Jury Trial has been Demanded.**

The parties propose that the Court set a trial date of December 28, 2008. The parties estimate the trial will require two days. TIPA has demanded a jury trial.

10. **Consent to Trial before United States Magistrate Judge.**

The parties consent to trial before United States Magistrate Judge Irma C. Ramirez.

11. **Prospects for Settlement and Status of any Settlement Negotiations.**

In accordance with F.R.C.P. 26(f), the parties have conferred regarding the nature and basis of claims and defense and the possibility of prompt settlement or resolution of the case. The parties are in the process of discussing possible resolution of the case. The parties propose that the parties set an early mediation date of April 30, 2008, so as to attempt to resolve its claims in this lawsuit.

12. **Mediation.**

The parties believe early mediation may be effective and request a mediation deadline of April 30, 2008.

13. **Handling the Case as an Electronic Case File (ECF) pursuant to Miscellaneous Order 61 and the ECF Procedures Manual.**

The parties are amenable to handling this case as an Electronic Case File (ECF).

14. **Other Relevant Matters.**

None.

Respectfully submitted,

/s/ John Patton
John W. Patton
State Bar No. 00798422
Email: john.patton@klgates.com

**KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP**

1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500
(214) 939-5849 (fax)

Pallavi Mehta Wahi, *pro hac vice* admitted
WSBA # 32799
Email: pallavi.wahi@klgates.com

**KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP**

925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
(206) 623-7580
(206) 370-6361 (fax)

**ATTORNEYS FOR PLAINTIFF
MICROSOFT CORPORATION**


/s/ Gary Wayne Tucker
Gary Wayne Tucker
State Bar No. 24047002
Email: gwtlaw@gmail.com

**LAW OFFICE OF GARY
WAYNE TUCKER**

1201 Main P310 PMB5
Dallas, Texas 75202
(214) 679-7706
(214) 722-0355 (fax)

**ATTORNEY FOR DEFENDANT
DAUBEN, INC.**

K:\2000103\03075\21039_PMW\21039P20KK